J-S52020-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TERRANCE FULLER, | |
| Appellant | No. 2645 EDA 2015 |

Appeal from the Judgment of Sentence July 31, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-1202721-2004

BEFORE: FORD ELLIOTT, P.J.E., STABILE, and STRASSBURGER, [*] JJ.

MEMORANDUM BY STABILE, J.: **FILED DECEMBER 22, 2016**

Appellant, Terrance Fuller, appeals from the July 31, 2015 judgment of sentence entered in the Court of Common Pleas of Philadelphia County ("trial court") following the revocation of Appellant's probation and parole. Appellant challenges the discretionary aspects of his sentence. Upon review, we affirm.

The trial court summarized the procedural background of this matter in its Pa.R.A.P. 1925(a) opinion, which we incorporate herein by reference. Trial Court Opinion, 11/4/2015, at 1-5. Briefly, Appellant pled guilty to burglary and criminal conspiracy on January 7, 2005, and was sentenced to three to twenty=three months' county incarceration plus one year reporting

_____

[*] Retired Senior Judge assigned to the Superior Court.

probation, with immediate parole. Appellant violated his probation multiple times and his probation was revoked on November 3, 2005, May 11, 2007, August 7, 2013, July 30, 2014, and July 31, 2015. Appellant filed the instant appeal on August 28, 2015.

Appellant raises a sole issue on appeal.

> Was not the [trial] court's imposition [of] a sentence of five to ten years of incarceration after a revocation of probation unreasonable, manifestly excessive and an abuse of discretion where the court failed to conduct an individualized sentencing, did not properly consider the sentencing factors under 42 Pa.C.S. §9721, failed to order and evaluate a pre-sentence investigation, failed to place its reasons for dispensing with the pre-sentence report on the record, ignored whether the sentence was the least stringent to protect the community or rehabilitate [Appellant], and did not sufficiently place its reasons for its sentence on the record.

Appellant's Brief at 3.

Appellant challenges his sentence following the revocation of his probation. "Following revocation, a sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statutes in question." *Commonwealth v. Pasture*, 107 A.3d 21, 28 (Pa. 2014). "When sentencing is a consequence of the revocation of probation, the trial judge is already fully informed as to the facts and circumstances of both the crime and the nature of the defendant." *Id.*

In the matter *sub judice*, Judge Genece Brinkley was the original sentencing judge and presided over Appellant's violation hearings in November 2005, May 2007, August 2013, July 2014, and July 2015. The

- 2 -

trial court was familiar with Appellant's history, including his "criminal background, history of absconding from supervision, serious substance abuse problem, and personal circumstances, including the fact that he was expecting another child." Trial Court Opinion, 11/4/2015, at 13-14. Moreover, the trial court had a detailed report from Appellant's probation officer. The trial court conducted an individualized sentencing and explained the reasons for this latest revocation sentence on the record. Furthermore, the trial court noted the numerous opportunities it had previously provided Appellant and his failure to comply with such programs.

Upon review of the record, we find the trial court's opinion of November 4, 2015, thoroughly addresses all of Appellant's claims and therefore affirm Appellant's judgment of sentence on that basis. We direct that a copy of the opinion be attached to all further filings.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/22/2016